NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN MBUGUA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1500

Agency No.
A027-569-793

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023**
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and BENCIVENGO, District Judge.***

John Mbugua, a native and citizen of Ethiopia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

proceedings as untimely.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We review the denial of a motion to reopen removal proceedings for abuse of discretion.  *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017).  We deny the petition for review in part and dismiss in part.

A motion to reopen removal proceedings must ordinarily be filed within 90 days of the final order of removal.  8 U.S.C. § 1229a(c)(7)(C)(i).  An exception to this limitation is if the petitioner demonstrates "changed country conditions" in the country to which he is to be removed.  *Id.* § 1229a(c)(7)(C)(ii).  To prevail, the petitioner must "(1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and could not have been discovered or presented at the previous hearing; and (4) demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."  *Agonafer*, 859 F.3d at 1204 (citing *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).  It is uncontested that Mbugua's motion to reopen removal proceedings is untimely—it was filed nearly 29 years after the BIA's final order of removal.

1. The BIA held that Mbugua failed to establish changed-country conditions in his country of nationality.  A petitioner must apply for relief based on conditions arising "in the country of nationality or the country to which removal has been

ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii). As Mbugua admitted in his prior immigration proceedings, Mbugua's country of nationality is Ethiopia. Ethiopia is also his country of removal. Mbugua, however, provided evidence of changed-country conditions in the country of *Somalia*. For the first time in the motion to reopen, Mbugua claimed that he is a citizen of Somalia, and that Ethiopia was improperly designated as his country of removal. But the BIA was right to reject this claim, which was contradicted by Mbugua's prior admissions.[1] The BIA did not abuse its discretion by denying the motion to reopen based on Mbugua's failure to show changed-country conditions in his nation of removal.

2. The BIA also concluded that Mbugua failed to demonstrate prima facie eligibility for relief. The Immigration Judge found that Mbugua's 1986 rape conviction was a particularly serious crime that rendered him ineligible for withholding of removal, and was a valid basis to deny Mbugua's asylum claim. Mbugua asserts that he is attempting to vacate this conviction, but a mere *attempt* to vacate the conviction is too speculative to entitle him to relief. *See Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021) (recognizing that "a prima facie case . . . cannot be established from speculative conclusions or vague assertions") (simplified). The

---

[1] In the prior proceedings, both Mbugua and his counsel told the Immigration Judge that Mbugua was born in Ethiopia and that he is an Ethiopian citizen. The same representations were made in Mbugua's written brief to the BIA, as well as Mbugua's original asylum application.

BIA did not abuse its discretion by concluding that Mbugua is not prima facie eligible for relief.

3.  Mbugua's claim that the BIA violated his due process rights by denying his motion to reopen also fails. To prevail on a due process claim, Mbugua must show that (1) the proceeding was so fundamentally unfair that he was prevented from reasonably presenting his case, and (2) he demonstrates prejudice. *See Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012). Here, the BIA properly considered his motion to reopen and ruled that Mbugua did not meet the requirements to excuse its untimeliness. Mbugua has not identified any unfairness or prejudice in the BIA's ruling and so his claim must fail.

4.  We have limited jurisdiction to review the BIA's denial of a motion to reopen sua sponte, reviewing only to determine whether the BIA based its decision on legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). Mbugua has failed to raise any colorable legal or constitutional errors in the BIA's denial of sua sponte reopening. We thus lack jurisdiction to review that denial of relief. *See id*. at 1235 (when the BIA's denial of sua sponte relief "was untainted by legal or constitutional error . . . there is nothing left for us to review").

**PETITION DENIED IN PART AND DISMISSED IN PART.**